[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket Nos. 33902; 33903.
SENTENCE AFFIRMED
Frank Riccio, Esq., Attorney for Petitioner.
Jonathan Benedict Esq., Assistant State's Attorney, for the State.
BY THE DIVISION: The petitioner was convicted after trial by jury of the following crimes, and received the sentences indicated:
DOCKET No. 33902
 Assault, Second Degree 5 years Burglary, First Degree 12 years
DOCKET No. 33903
 Felony Murder 50 years Assault, First Degree 15 years Attempted Robbery, First Degree 20 years
The sentences in Docket No. 33902 were concurrent with each other and the sentences in Docket No. 33903 were concurrent with each other, but consecutive to the sentence in Docket No. 33902, thus the total effective sentence was sixty-two (62) years.
The two cases were tried separately, but the sentencings took place at the same time.
The offense in Docket No. 33902 occurred on May 16, 1988 when the petitioner and another, both armed, forced entry into the victim's apartment, where they beat him causing deep scalp lacerations.
The offense in Docket No. 33903 occurred on August 27, 1988 when the petitioner shot and killed a twenty-nine (29) year old male during an attempted robbery, with the same bullet going through the arm of the deceased victim's companion, then lodging in her chest.
The petitioner has convictions for robbery, first degree in 1977; conspiracy to commit arson, first degree in 1978; and attempted robbery, first degree in 1981, with the 1981 CT Page 2663 offense resulting a sentence of five (5) to ten (10) years.
The petitioner asks the Division to consider that the co-defendant in the felony murder received a lesser sentence, that the evidence against him was not strong, that the wounded victim in the felony-murder case recanted her original inculpatory statement, and that the wounded victim was a prostitute whose credibility was questionable.
The co-defendant, who pled guilty to conspiracy to commit larceny, was not the killer, and the State did not have reason to think he expected there would be a shooting. Further, the Review Division must accept the fact of conviction. The strength of the State's case is not one of the criteria for determining the appropriateness of the sentence.
The sentencing court considered the petitioner's history of violence and recognized that his violent nature makes him a dangerous man. The sentences imposed were substantially less than maximums the petitioner was facing, and substantially less than that recommended by the State.
The Division does not find that the sentence was excessive or disproportionate. It is affirmed.
PURTILL, JUDGE KLACZAK, JUDGE BARRY, JUDGE
Purtill, Klaczak, and Barry, Js., participated in this decision.